762 So.2d 1029 (2000)
J.M. and A.S., Appellants,
v.
FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
Nos. 3D99-2531, 3D99-2524.
District Court of Appeal of Florida, Third District.
July 19, 2000.
Lori Black Ogene; Greer Davis Wallace, Miami, for appellants.
Robin H. Greene; Nancy Schleifer, Miami; Lawrence & Daniels and Adam Lawrence, Miami, for appellee.
Before COPE, LEVY and GERSTEN, JJ.
COPE, J.
J.M., the mother, and A.S., the father, appeal an order terminating parental rights. We affirm.
The mother and father argue that the evidence was legally insufficient to support a termination of parental rights. We disagree. While the mother and father point to evidence which favors their side of the case, there was ample competent substantial evidence which supports the elements required for a termination. As the evidence was legally sufficient, we reject the mother's and father's argument on this point.
The mother and father also argue that the petition for termination of parental rights was filed prematurely. They say that the petition could not be filed without their having had a full twelve months in which to comply with the case plan, and that the petition was filed too soon. As the father did not make this argument in the trial court, we reject his argument for lack of preservation.
We reject the mother's argument on this point on the merits. The petition was filed in this case under paragraph 39.806(1)(c), Florida Statutes, which allows termination of parental rights "[w]hen the parent or parents engaged in conduct toward the child or toward other children that demonstrates that the continuing involvement of the parent or parents in the parent-child relationship threatens the life, safety, well-being, or physical, mental, or emotional health of the child irrespective of the provision of services." § 39.806(1)(c), Fla. Stat. (Supp.1998). This particular statutory provision does not contain a requirement for any particular period of time under a case plan. The twelve-month provision *1030 which the mother refers to is contained in a different statutory alternative, paragraph 39.806(1)(e). See Department of Children and Families v. A.L., 723 So.2d 342, 343 (Fla. 3d DCA 1998), review dismissed sub nom. M.B. v. Department of Children and Families, 729 So.2d 392 (Fla.1999).
In this case the mother entered into a case plan which was approved by the court on May 11, 1998, and was for a six-month period, not twelve months. The petition for termination of parental rights was filed eight months later.
As the Department points out, the relevant statute provides:
(8) Whenever the department has entered into a case plan with a parent with the goal of reunification, and a petition for termination of parental rights based on the same facts as are covered in the case plan is filed prior to the time agreed upon in the case plan for the performance of the case plan, the petitioner must allege and prove by clear and convincing evidence that the parent has materially breached the provisions of the case plan.
Id. § 39.802(8) (emphasis added). Thus, the petition in this case was timely, not premature, because it was filed after the case plan had expired.
The mother bases her argument on a different provision of section 39.806, Florida States, which states, "A petition for termination of parental rights may also be filed when a child has been adjudicated dependent, a case plan has been filed with the court, and the child continues to be abused, neglected, or abandoned by the parents." Id. § 39.806(1)(e). That statute goes on to say that "the failure of the parents to substantially comply for a period of 12 months after an adjudication of the child as a dependent child constitutes evidence of continuing abuse, neglect, or abandonment...." Under that statutory provision, "[s]uch 12-month period may begin to run only after the entry of a disposition order placing the custody of the child with the department or a person other than the parent and the approval by the court of a case plan with a goal of reunification with the parent." Id.
The mother's reliance on paragraph 39.806(1)(e) is misplaced, because the petition for termination of parental rights in this case was filed under a different paragraph, 39.806(1)(c). We therefore need not conduct any further analysis under paragraph 39.806(1)(e).[1]
For the stated reasons, the judgment of termination of parental rights is affirmed.
NOTES
[1] As already explained, the mother's case plan was for six months, not twelve months. Further, by the time the termination case came to trial, it had been more than twelve months since the case plan was entered into.